NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 22 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ESTATE OF JOHN LEW BROWN, deceased, through Clinton L. Brown as the Administrator of his Estate, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> FERRY COUNTY; et al., <br><br> Defendants-Appellees. | No. 20-35611 <br><br> D.C. No. 2:19-cv-00283-SAB <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of Washington
Stanley A. Bastian, Chief District Judge, Presiding

Submitted June 17, 2021[**]
Anchorage, Alaska

Before: RAWLINSON, CHRISTEN, and R. NELSON, Circuit Judges.

Appellant-plaintiff Estate of John Brown through Clinton Brown as the

Administrator ("the Estate") alleges Defendants violated John Brown's substantive

due process right to bodily integrity under the Fourteenth Amendment. We assume

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

familiarity with the facts so we do not recount them here.

For the Estate's Fourteenth Amendment Due Process claim to survive summary judgment, it must "make a sufficient showing on a[ll] essential element[s] of [its] case with respect to which [it] has the burden of proof." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Specifically, the Estate must show all state-created danger doctrine requirements: (1) Defendants' affirmative actions created or exposed Brown to an actual, particularized danger that he would not otherwise have faced; (2) the injury Brown suffered was foreseeable; and (3) Defendants were deliberately indifferent to the known danger. *See Martinez v. City of Clovis*, 943 F.3d 1260, 1271 (9th Cir. 2019).

The Estate does not present evidence that Defendants took affirmative actions that placed Brown in a worse off position. For example, Defendants did not cause the fire, nor did they "shepherd[]" or "direct[]" Brown into his burning mobile home or otherwise instruct him to be in a dangerous location. *See Hernandez v. City of San Jose*, 897 F.3d 1125, 1134 (9th Cir. 2018); *see also Munger v. City of Glasgow Police Dep't*, 227 F.3d 1082, 1087 (9th Cir. 2000); *Penilla v. City of Huntington Park*, 115 F.3d 707, 710 (9th Cir. 1997). If Defendants had "not acted at all"—if Defendants had done nothing in response to Brown's phone calls—Brown would be in no worse position than what transpired. *See Pauluk v. Savage*, 836 F.3d 1117, 1124 (9th Cir. 2016). The Estate presents no

2

evidence supporting its conclusory statement that Defendants' "actions or inactions created or enhanced the danger that Mr. John Brown faced and ultimately succumbed to." Thus, the Estate's Fourteenth Amendment claim fails. *See Patel v. Kent Sch. Dist.*, 648 F.3d 965, 974 (9th Cir. 2011).

**AFFIRMED.**